# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JASON DOBBINS,**

    **Petitioner,**

**vs.**　　　　　　　　　　　　　　　　　　　**Case No. 4:08cv464-SPM/WCS**

**WALTER A. McNEIL,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1.  Leave to proceed in forma pauperis was granted, and Petitioner directed to show cause why his § 2254 petition should not be summarily dismissed as untimely. Doc. 5 (incorporated by reference).  Additional time was granted to April 3, 2009, doc. 7, but no response has been filed.

As set forth previously, Petitioner's conviction became final on February 8, 2005, when the time to file a petition for writ of certiorari expired.  Doc. 5, p. 2 and n. 3.  He filed a Fla.R.Crim.P. 3.850 motion on November 21, 2005 (after some 286 days of the one year period had already elapsed), and assuming the time period remained tolled

from November 1, 2005, until the mandate issued in the 3.850 appeal on November 27, 2007, another 328 days elapsed before the § 2254 petition was filed on October 20, 2008. *Id.*, pp. 2-3.[1]  Adding the untolled periods, the § 2254 petition is untimely. Petitioner has not come forward with any argument for a later commencement date or additional tolling of the period.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition, challenging Petitioner's 2003 sentence imposed by the Second Judicial Circuit, Leon County Florida, be **SUMMARILY DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on May 6, 2009.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Though the 90 days for seeking certiorari review is added for determination of when the one year begins under § 2244(d)(1)(A) (as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"), it does not count for tolling purposes under § 2244(d)(2) (as "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.").  Lawrence v. Florida 549 U.S. 327, 332, 127 S.Ct. 1079, 1081, 1083, 166 L.Ed.2d 924 (2007).

Case No. 4:08cv464-SPM/WCS